[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11599
Non-Argument Calendar
_____

D.C. Docket No. 7:18-cv-02069-TMP


REGINA PATRICE HARRIS,

Plaintiff-Appellant,

versus

UNIVERSITY OF ALABAMA,
Brewer Porche,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 19, 2019)

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Regina Harris, a 52-year-old former mental health worker proceeding pro se, appeals the magistrate judge's order dismissing her age discrimination and retaliation claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), (d).[1] The magistrate judge determined that her employer, the University of Alabama's Brewer Porche Children Center ("University"), was entitled to Eleventh Amendment immunity and dismissed her claims for lack of subject matter jurisdiction. On appeal, Harris does not dispute any of the magistrate judge's reasons for dismissing her claims. Instead, she attaches a series of documents, some of which were part of the district court record, argues that she was obligated to report her suspicions regarding potential employee misconduct, and requests a trial. Additionally, she appears to raise several issues and submit several documents that were not presented to the district court, including her alleged obligation under the University of Alabama's Child Protection Policy to report professional misconduct involving the director of the care center where she worked.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, even with a forgiving construction, "issues not briefed on appeal by a pro se litigant are deemed

---

[1] Harris and her employer consented to entry of a final judgment by a magistrate judge.

2

abandoned," Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008), and "issues not raised below are normally deemed waived." Tannenbaum, 148 F.3d at 1263.

Given that Harris does not raise any argument that the magistrate judge's determination that the University of Alabama was entitled to immunity under the Eleventh Amendment was incorrect, thereby abandoning the issue, and that she presents us with arguments not raised below, thereby waiving them, we are effectively left with an appeal in name only. Nonetheless, out of an abundance of caution, we assume arguendo for the purposes of this appeal that Harris, in appealing the district court's dismissal of her claims, implicitly appealed its ruling on the University of Alabama's Eleventh Amendment immunity. We affirm on this ground.

We review a dismissal based upon Eleventh Amendment immunity de novo. Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ., 405 F.3d 954, 956 (11th Cir. 2005). We also review de novo whether an entity constitutes an arm of the state under Eleventh Amendment immunity analysis. Lightfoot v. Henry Cty. Sch. Dist., 771 F.3d 764, 768 (11th Cir. 2014). The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent consent, "a suit in which the State or one of its agencies

3

or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Supreme Court has extended the Eleventh Amendment to bar suits against a state in federal court brought by its own citizens. Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005).

Congress can abrogate states' Eleventh Amendment immunity. Pennhurst State Sch. & Hosp., 465 U.S. at 99. The ADEA, however, did not validly abrogate states' sovereign immunity and, therefore, states are immune from such suits unless they waive the defense. Stroud v. McIntosh, 722 F.3d 1294, 1303 (11th Cir. 2013) ("The Supreme Court has made it clear [in Kimel] that the ADEA is unconstitutional as applied to the states because Congress did not enact the law under section 5 of the Fourteenth Amendment, the only recognized constitutional basis for abrogating states' sovereign immunity.").

"To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). We examine four factors in determining whether an entity is an "arm of the State," including: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible

4

for judgments against the entity," but an entity need not meet all four factors to be entitled to immunity. Id. at 1309, 1328–29.

After analyzing these factors, we affirm the magistrate judge's finding that the University of Alabama is entitled to Eleventh Amendment immunity. First, the Alabama Supreme Court considers its universities to be instrumentalities of the state entitled to immunity. See Ex Parte Jacksonville State Univ., 40 So. 3d 672, 673 (Ala. 2009). Second, state law indicates that the University is run by a board of trustees, whose members are elected with oversight by the state government. Ala. Code §§ 16-47-1, 16-47-30 (2016). Third, as far as the University's budget, the Alabama legislature allocates money to the University each year and requires reporting from the board on expenses. Id. §§ 16-47-4, 16-47-36. Finally, with regard to the fourth factor, it is unclear who would be responsible for a judgment against the University.

As a whole, these factors support a finding that the University is entitled to Eleventh Amendment immunity. Indeed, we have determined that Troy State University, an Alabama state university set up with a similar legal framework, is entitled to immunity, as well, so this determination is on firm ground. See Harden v. Adams, 760 F.2d 1158, 1163–64 (11th Cir. 1985). Accordingly, we affirm.[2]

---

[2] We have considered and note that, to the extent Harris alleges a new claim against the University in her appellate brief, she has not shown that any "special circumstances" exist for us

5

**AFFIRMED.**

---

to consider this issue for the first time on appeal.   Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

6